IN THE MATTER OF THE ESTATE OF ZALMON BONNET.

*Lapsed and void legacies pass to the residuary legatee.*

After giving and bequeathing several sums of money to persons named in his will, the testator gave and bequeathed all the rest, residue and remainder of his estate, after the payment of his just debts, funeral and testamentary expenses, to the wardens and vestrymen of a church named in the will.

*Held,* that certain of the legacies which had lapsed, and a legacy which had been declared void, passed to the residuary legatee.

*Matter of Benson* (96 N. Y., 499) followed; *Kerr* v. *Dougherty* (79 id., 346) distinguished; *Stephenson* v. *Orphan Asylum* (27 Hun, 383); *Iseman* v. *Myres* (26 id., 651) and *Goodwin* v. *Ingraham* (29 id., 221) not followed.

APPEAL by a legatee and one of the heirs-at-law of Zalmon Bonnet from a decree of the Surrogate's Court of Westchester county, so far as the same adjudges that the legacies given in the will of the deceased, which have lapsed by the death of the legatees without issue before the death of the testator, and the legacy declared to be void which was given to the wardens and vestrymen of St. John's Protestant Episcopal Church at Wilmot, in trust, are payable to the wardens and vestrymen of St. John's Church, Wilmot, in the town of New Rochelle, absolutely.

*Thomas Nelson,* for Dyckman Odell, appellant.

*William H. Sage,* proponent, respondent.

PRATT, J. :

This is an appeal from so much of a decree of the surrogate of Westchester county as adjudged that certain lapsed legacies and a legacy declared void, passed to the residuary legatee. The general rule as to personalty is (though. the law as to realty is otherwise), " that residuary bequests carry not only everything not attempted to be disposed of, but also everything not effectually disposed of, such as void legacies.and lapsed legacies." (2 Redf. on Wills, 442 ; 1 Jar., 645.) It has been supposed that this rule was overthrown by the decision in *Kerr* v. *Dougherty* (79 N. Y., 346), but in that case the court held that the residuary clause was limited, not general, and, hence, that void legacies did not pass under it, but went to the next of kin. The prevailing opinion did not question the authority of the general

rule cited *In the Matter of Benson* (96 N. Y., 499),where the question again arose. It was there held, that lapsed legacies passed under the residuary clause, reversing the judgment of the Supreme Court in that respect. The Court of Appeals say that the previous decision in *Kerr* v. *Dougherty* had been misunderstood. The cases of *Stephenson* v. *Orphan Asylum* (27 Hun, 383); *Iseman* v. *Myres* (26 id., 651); and *Goodwin* v. *Ingraham* (29 id., 221), cited by appellant's counsel, were prior to the decision *In the Matter of Benson.* They need no further review than to say they proceeded on the same misconception of *Kerr* v. *Dougherty*, that led to the decision by this court in the Benson case. Those cases are, therefore, not to be further regarded as authority.

In the will now before us, the residuary clause is in the following terms: " All the rest, residue and remainder of my estate after the payment of my just debts, funeral and testamentary expenses, I give and bequeath to," etc. The residuary bequest is thus general and is not to be distinguished, in substance, from that found in the will reviewed in the Benson case.

The decision of the Court of Appeals in that case, therefore, disposes of this appeal, and the decree of the surrogate should be affirmed, with costs.

Present — BARNARD, P. J.; DYKMAN and PRATT, JJ.

Part of decree appealed from affirmed, with costs.